IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

---

NO. 19-12554

---

UNITED STATES OF AMERICA,

Appellee,

versus

KONRAD GUZEWICZ

Appellant.

---

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

---

# APPELLANT'S INITIAL BRIEF


JOFFE & JOFFE, P.A.
Attorney for Appellant
The 110 Tower Building
110 S.E. 6th Street
17th Floor, Suite 1700
Ft. Lauderdale, Florida 33301
Telephone: (954) 723-0007
Florida Bar No. 0814164
davidjjoffe@aol.com

**United States v. Guzewicz, Case No.: 19-12554**

**Certificate of Interested Persons**

Undersigned counsel for the Appellant hereby certifies that the following is a complete list of persons and entities who have an interest in the outcome of this case:

The Honorable Judge Susan C. Bucklew

The Honorable Magistrate Judge Christopher P. Tuite

David Jonathon Joffe, Esq.

Konrad Guzewicz

Mark J. O'Brien, Esq.

Todd B. Grandy, AUSA

Kelley C. Howard-Allen, AUSA

Maria Chapa Lopez, USA

Gregory Davis Pizzo, AUSA

David P. Rhodes, AUSA, Chief, Appellate Division

Yvette Rhodes, AUSA

No publicly traded company or corporation has an interest in the outcome of this appeal.

## Statement Regarding Oral Argument

The Appellant respectfully suggests that the facts and legal arguments are adequately presented in the briefs and record before this Court and that the decisional process would not be significantly aided by oral argument.

## Certificate of Compliance

This brief complies with the type-volume limitation of Fed.R.App.P. 32(a)(7)(B)(i) because this brief contains 9,169 words, excluding the parts of the brief exempted by Fed.R.App.P. 32(a)(7)(B)(iii).

This brief complies with the typeface requirements of Fed.R.App.P. 32(a)(5) and the type style requirements of Fed.R.App.P. 32(a)(6) because this brief has been prepared in a proportionally based typeface using Microsoft Word, 14-point Times New Roman.

## Table of Contents


| | Page |
|---|---|
| Certificate of Interested Persons ........................................................ | C-1 |
| Statement Regarding Oral Argument ............................................... | i |
| Certificate of Compliance .................................................................. | i |
| Table of Contents ............................................................................. | ii |
| Table of Authorities .......................................................................... | iv |
| Statement of Jurisdiction................................................................... | ix |
| Statement of the Issues...................................................................... | 1 |
| Statement of the Case: | |
| 1. Course of Proceedings and Disposition in the Court Below... | 1 |
| 2. Statement of the Facts: | |
| a. The Offense Conduct.................................................... | 2 |
| b. Facts Pertaining to Appellant's Sentence...................... | 4 |
| 3. The Change of Plea Hearing………………………………….. | 6 |
| 4. The Sentencing Hearing ......................................................... | 8 |
| 5. Standard of Review................................................................. | 16 |
| Summary of the Argument................................................................ | 18 |

Argument and Citations of Authority:


I. WHETHER THE IRREGULARITIES RENDERED GUZEWICZ'S GUILTY PLEA INVOLUNTARY AND THE SENTENCE-APPEAL WAIVER UNENFORCEABLE 21

II. WHETHER GUZEWICZ'S SENTENCE WAS UNREASONABLE IN LIGHT OF THE PRINCIPLES APPLIED BY THE ADVISORY FEDERAL SENTENCING GUIDELINES........................................................................ 26

Conclusion ........................................................................................ 38

Certificate of Service ........................................................................ 39

## Table of Authorities


| Cases | Page |
|---|---|
| Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709 (1969) ................ | 21 |
| Gall v. United States, 552 U.S. 38, 128 S.Ct. 586 (2007) ................ | 17,18,29, 36 |
| Gourdine v. United States, 2012 WL 32446 (S.D. Ga., Jan. 5, 2012) | 26 |
| Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019 (1938) ................... | 25 |
| Kimbrough v. United States, 552 U.S. 85, 128 S.Ct. 558 (2007)...... | 33,36 |
| Koon v. United States, 518 U.S. 81, 116 S.Ct. 2035 (1996) ............ | 37 |
| United States v. Barakat, 130 F.3d 1448 (11th Cir. 1997) ................ | 17,18 |
| United States v. Benitez-Zapata, 131 F.3d 1444 (11th Cir. 1997) ..... | 16 |
| United States v. Bonilla, 579 F.3d 1233 (11th Cir. 2009) ................. | 28,37,38 |
| United States v. Booker, 543 U.S. 220, 125 S.Ct. 738 (2005) .......... | 4,18,27,36 |
| United States v. Buchanan, 131 F.3d 1005 (11th Cir. 1997)............. | 24-25 |
| United States v. Bushert, 997 F.2d 1343 (11th Cir. 1993) ................ | 24,25 |
| United States v. Campbell, 491 F.3d 1306 (11th Cir. 2007) ............. | 29 |
| United States v. Carvajal, 2005 WL 476125 (S.D. N.Y. 2005) ........ | 37 |
| United States v. Copeland, 381 F.3d 1101 (11th Cir. 2004) ............. | 16 |
| United States v. Crawford, 407 F.3d 1174 (11th Cir. 2005).............. | 17 |
| United States v. Davis, 754 F.3d 1205 (11th Cir. 2014).................... | 32 |
| United States v. Ellis, 419 F.3d 1189 (11th Cir. 2005)...................... | 17 |

**Table of Authorities**
**(Continued)**

**Cases Cont'd** **Page**

United States v. Fernandez, 443 F.3d 19 (2nd Cir. 2006).................. 26

United States v. Flanders, 752 F.3d 1317 (11th Cir. 2014)................ 34

United States v. Garey, 546 F.3d 1359 (11th Cir. 2008).................... 18

United States v. Hahn, 359 F.3d 1315 (10th Cir. 2004)..................... 17,25

United States v. Howle, 166 F.3d 1166 (11th Cir. 1999).................. 21,25

United States v. Irey, 612 F.3d 1160 (11th Cir. 2010)...................... 34,35

United States v. Johnson, 485 F.3d 1264 (11th Cir. 2007)................ 25,36

United States v. Kloda, 133 F.Supp.2d 345 (S.D. N.Y. 2001).......... 37

United States v. Livesay, 525 F.3d 1081 (11th Cir. 2008)................ 29,35,37

United States v. McBride, 511 F.3d 1293 (11th Cir. 2007)............... 29

United States v. Nguyen, 618 F.3d 72 (1st Cir. 2010)........................ 24

United States v. Olano, 507 U.S. 725, 113 S.Ct. 1770 (1993).......... 38

United States v. Phaknikone, 605 F.3d 1099 (11th Cir. 2010)........... 33

United States v. Pugh, 515 F.3d 1179 (11th Cir. 2008)...................... 18,36

United States v. Rodriguez-Lopez, 363 F.3d 1134 (11th Cir. 2004).. 17

United States v. Rodriguez, 398 F.3d 1291 (11th Cir. 2005)............. 38

United States v. Saac, 632 F.3d 1203 (11th Cir. 2011)...................... 38

**Table of Authorities**
**(Continued)**


| **Cases Cont'd** | **Page** |
|---|---|
| United States v. Sarras, 575 F.3d 1191 (11th Cir. 2009) .................... | 36 |
| United States v. Scott, 426 F.3d 1324 (11th Cir. 2005) ...................... | 18 |
| United States v. Shaw, 560 F.3d 1230 (11th Cir. 2009) ..................... | 29,38 |
| United States v. Ter-Esayan, 570 F.3d 46 (1st Cir. 2009) ................. | 21,25 |
| United States v. Thomas, 446 F.3d 1348 (11th Cir. 2006) ................ | 38 |
| United States v. Turner, 626 F.3d 566 (11th Cir. 2010) ..................... | 29 |
| United States v. Weaver, 275 F.3d 1320 (11th Cir. 2001) ................ | 17,21 |
| United States v. Whitehead, 532 F.3d 991 (9th Cir. 20008) .............. | 5 |
| United States v. Williams, 456 F.3d 1353 (11th Cir. 2006) .............. | 36 |
| United States v. Williams, 526 F.3d 1312 (11th Cir. 2008) .............. | 34 |
| Warren v. United States, 2011 WL 5593183 (M.D. Ala., Oct. 26, 2011) ........................................................................ | 26 |
| **Statutes** | |
| 18 U.S.C. §2 ......................................................................... | 1 |
| 18 U.S.C. §1957 ..................................................................... | 1,4 |
| 18 U.S.C. §3231 ..................................................................... | ix |
| 18 U.S.C. §3553 ..................................................................... | 19 |

## Table of Authorities
## (Continued)


**Statutes Cont'd** **Page**

18 U.S.C. §3553(a) .......... 4,14,18,20, 27,28,29,32, 34,35,36,38

18 U.S.C. §3553(a)-(f) .......... 1,20,26

18 U.S.C. §3553(a)(2)(A)-(D) .......... 29

18 U.S.C. §3742(a) .......... ix

28 U.S.C. §1291 .......... ix

**Federal Rules of Appellate Procedure**

Fed.R.App.P. 32(a)(5) .......... i

Fed.R.App.P. 32(a)(6) .......... i

Fed.R.App.P. 32(a)(7)(B)(i) .......... i

Fed.R.App.P. 32(a)(7)(B)(iii) .......... i

**Federal Sentencing Guidelines**

§2B1.1(b)(1)(B)(i) .......... 4

§2S1.1(a)(2) .......... 4

§2S1.1(b)(2)(A) .......... 4

§3E1.1(a) .......... 5

## Table of Authorities
## (Continued)

**Federal Sentencing Guidelines (Cont'd)** **Page**

§3E1.1(b)........................................................................................ 5

§5K.1 ............................................................................................... 6,9,10,14 15,16,27,31, 33

§5K.1.1 ............................................................................................ 11,13,30,33

## **Statement of Jurisdiction**

This is an appeal from the Final Judgment of the United States District Court for the Middle District of Florida in a criminal case. The District Court entered judgment against KONRAD GUZEWICZ ("GUZEWICZ") and sentenced him on July 2, 2019. The District Court had jurisdiction over this case pursuant to 18 U.S.C. §3231. Appellant filed a timely Notice of Appeal from the judgment and sentence entered against him. This Court has jurisdiction over this appeal pursuant to 18 U.S.C. §3742(a) and 28 U.S.C. §1291.

## Statement of the Issues

I.

Whether the Irregularities Rendered GUZEWICZ'S Guilty Plea Involuntary and the Sentence-Appeal Waiver Unenforceable.

II.

Whether GUZEWICZ'S Sentence was Unreasonable in Light of the Statutory Sentencing Factors Listed in 18 U.S.C. §3553(a)-(f) and Principles Applied by the Advisory Federal Sentencing Guidelines.

## Statement of the Case

### 1. Course of Proceedings and Disposition in the Court Below.

On June 4, 2018, an information was issued against GUZEWICZ, charging him with four (4) counts of money laundering in violation of 18 U.S.C. §1957 and 18 U.S.C. §2 (Counts One through Four) and a forfeiture count. (DE:1).

On June 6, 2018, GUZEWICZ pled guilty to Counts One through Four, money laundering in violation of 18 U.S.C. §1957. (DE:4).

On June 18, 2019, GUZEWICZ'S change of plea hearing took place. (Change of Plea Transcript – Appendix Tab 4)

On July 2, 2019, the District Court sentenced GUZEWICZ to fifteen (15) months confinement followed by three (3) years supervised release with an

assessment of $400.00. (DE:45, 58:54-58). GUZEWICZ filed a timely Notice of Appeal. (DE:47)

## 2. Statement of the Facts.

### a. The Offense Conduct.

Th probation office obtained the following information through a review of investigation reports furnished by the United States Attorney's. GUZEWICZ shall utilize this factual position in the Presentence Investigation Report (PSI) to articulate GUZEWICZ'S offense conduct and relevant conduct underlying the offense of conviction relative to his direct appeal.

In the summer of 2015, Dion Fisher (Fisher) recruited GUZEWICZ to launder large sums of cash through his business. (PSI:13). On June 15, 2015, Fisher provided GUZEWICZ with eight money orders totaling $8,000.00. (PSI:14).

On June 18, 2015, Fisher provided GUZEWICZ with $35,000.00 cash. GUZEWICZ then deposited the money between four different business and personal bank accounts with three different financial institutions in order to disguise the transaction. On June 19, 2015, GUZEWICZ directed that Anna Wolfe, his wife and co-signatory on the account, obtain a cashier's check, made payable to Fisher for $30,000.00. Fisher then deposited this check into his account on the same date. (PSI:15).

On June 25, 2015, GUZEWICZ gave Fisher a check for $30,000.00. The following day, Fisher provided GUZEWICZ with two money orders totaling $2,000.00. (PSI:16).

On July 15, 2015, Fisher provided GUZEWICZ with $35,000.00 cash. GUZEWICZ then deposited some of this cash into his business account. On the same date, GUZEWICZ wrote a check made payable to Fisher for $30,000.00. To disguise the nature of the payment, "Loan" was written in the Memo line on the check; however, there was not a loan between Fisher and GUZEWICZ. Fisher then deposited this check into his account on July 17, 2015. (PSI:17).

On July 24, 2015, GUZEWICZ received $35,000.00 in cash from Fisher, and then deposited some of this cash into a business account. On July 27, 2015, GUZEWICZ directed Wolfe, to write a check made payable to Fisher, in the amount of $30,000.00. In order to disguise the nature of the payment, "Loan Payment" was written in the Memo line on the check; however, there was not a loan between Fisher and GUZEWICZ. Fisher then deposited this check into his account on the same date. (PSI:18).

On August 6, 2015, Fisher provided GUZEWICZ with seven money orders totaling $7,000.00. (PSI:19).

On August 24, 2015, GUZEWICZ received $35,000.00 in cash from Fisher, and then deposited some of this cash into the personal account that he and Wolfe

maintained. On the same date, GUZEWICZ directed Wolfe, to write a check made payable to Fisher, in the amount of $30,000.00. In order to disguise the nature of the payment, "Loan Payment" was written in the Memo line on the check; however, there was not a loan between Fisher and GUZEWICZ. Fisher then deposited this check into his account on the same date. (PSI:20).

During the course of their business arrangement, Fisher also purchased rims and vehicles, including an Audi R8 and a Porsche Panamera, from GUZEWICZ using narcotics proceeds. (PSI:21).

In total, GUZEWICZ is responsible for laundering $120,000.0 in drug proceeds for Fisher. (PSI:22).

**b. Facts Pertaining to Appellant's Sentence.**[1]

The probation officer who prepared GUZEWICZ'S PSI set his base offense level at 16, pursuant to U.S.S.G. §2S1.1(a)(2). (PSI: 27) The probation office gave GUZEWICZ a six level enhancement pursuant to U.S.S.G. §2B1.1(b)(1)(B)(i) for laundering money that was proceeds from the distribution of controlled substances and a one level enhancement for being convicted under 18 U.S.C. §1957 pursuant to U.S.S.G. §2S1.1(b)(2)(A). (PSI:29). The probation office gave GUZEWICZ a

[1] The 2016 Guidelines Manual was applied to the facts of this case. *United States v. Booker and Fanfan*, 543 U.S. 220, 125 S.Ct. 738 (2005). The District Court must consider, but is not bound by the federal sentencing guidelines. In determining the particular sentence imposed, the district court was required to take into account factors listed in 18 U.S.C. §3553(a).

three-level decrease for acceptance or responsibility, pursuant to U.S.S.G. §3E1.1(a) and U.S.S.G. §3E1.1(b). (PSI: 35-36) Accordingly, the probation office set GUZEWICZ'S total offense level at 20. (PSI:36)

The probation office found that GUZEWICZ had a total offense level of 20 and a criminal history category of I. As such, the guideline imprisonment range was 33 to 41 months. (PSI: 71)

GUZEWICZ also filed a Sentencing Memorandum where he requested a variance. GUZEWICZ also argued that he was seeking a downward departure based upon the substantial assistance that GUZEWICZ provided. GUZEWICZ also sought a variance due to GUZEWICZ making substantial changes in his criminal behavior. GUZEWICZ argued that he has paid a significant portion of the money judgment against him and that he sought and received substance abuse and mental health treatment while on pretrial release. GUZEWICZ also argued he was entitled to a significant variance in his sentence due to him growing up with an alcoholic father and living in low economic conditions. (DE:42) Said variance is also warranted due to the fact that GUZEWICZ accepted responsibility immediately and is not a threat to the community. See generally, *United States v. Whitehead*, 532 F.3d 991 (9th Cir. 20008). (DE:4).

GUZEWICZ'S sentencing hearing was held on July 2, 2019 (DE:58). At the sentencing hearing, defense counsel argued GUZEWICZ'S request for a variance

and a four level U.S.S.G. §5K.1 reduction instead of the two (2) levels sought by the government. After hearing argument of counsel, the District Court sentenced GUZEWICZ to fifteen (15) months incarceration, followed by three (3) years of supervised release and the payment of a $400.00 assessment. (DE:45, 58:54-58). GUZEWICZ was allowed to self-surrender. (DE:45;58:58) As a result of the sentence that was imposed, GUZEWICZ timely filed his notice of appeal. (DE:47)

**3. <u>The Change of Plea Hearing</u>**

On June 18, 2018, GUZEWICZ entered his guilty plea before the Magistrate Judge and agreed to waive his right to plead guilty before the Judge and GUZEWICZ confirmed that no one forced him or threatened in order to have him sign said waiver. (Change of Plea Transcript – Appendix Tab 4:5-6). GUZEWICZ acknowledged that he was pleading guilty to an information and not an indictment and acknowledged that he understood the difference. (Change of Plea Transcript – Appendix Tab 4:6-8).

GUZEWICZ confirmed that his initials were on every page of the plea agreement and that he signed it. (Change of Plea Transcript – Appendix Tab 4:9).

The Magistrate then stated "I'm going to summarize some of the terms of the plea agreement, not all of them. My goal is to make sure that you understand broad outlines of your plea agreement and that includes all the promises the government

has made to you to persuade you to plead guilty." (Change of Plea Transcript – Appendix Tab 4:9).

The Magistrate went over the promises made by the Government and what GUZEWICZ must do as far as cooperation and what happens if he does not fully cooperate. The Magistrate then asked GUZEWICZ if he was entering into the plea agreement freely and voluntarily and if anyone threatened, coerced or forced him in any way to have GUZEWICZ plead guilty. (Change of Plea Transcript – Appendix Tab 4:10-16). GUZEWICZ answered yes to entering into it freely and no to anyone threatening him. (Change of Plea Transcript – Appendix Tab 4:16).

The Magistrate then explained that "[t]he offenses to which you are pleading guilty are felony offenses. I want to make sure you understand that once you are adjudged guilty, that adjudication relative to those offenses may deprive you of valuable civil rights, such as the right to vote, the right to hold public office, or the right to possess any kind of a firearm". (Change of Plea Transcript – Appendix Tab 4:16-17). GUZEWICZ answered "yes". (Change of Plea Transcript – Appendix Tab 4:17).

The Magistrate then discussed the appeal waiver contained in his plea agreement. (Change of Plea Transcript – Appendix Tab 4:20-21). The Magistrate asked if GUZEWICZ understood the waiver and GUZEWICZ answered "yes". (Change of Plea Transcript – Appendix Tab 4:20-21).

The Magistrate then discussed the constitutional rights that GUZEWICZ was giving up by pleading guilty and again GUZEWICZ answered "yes" when asked if he understood the rights he was giving up. (Change of Plea Transcript – Appendix Tab 4:21-22).

The Magistrate concluded his colloquy and found that "the defendant is fully competent and capable of entering an informed guilty plea, that he is aware of the nature of the charges to which he is pleading guilty and the consequences of his guilty plea and that his plea of guilty is a knowing and voluntary one that is supported by an independent basis in fact that satisfies each of the essential elements of Counts One through Four of the information. . . . I will, therefore, recommend that the defendant's plea of guilty to Counts One through Four be accepted, that he be adjudged guilty and that his sentence be imposed accordingly." (Change of Plea Transcript – Appendix Tab 4:29).

GUZEWICZ was allowed to remain released with a $10,000.00 signature bond, no foreign travel and to have a substance abuse evaluation and treatment and a mental health evaluation and treatment. (Change of Plea Transcript – Appendix Tab 4:30-34).

**4. <u>The Sentencing Hearing</u>**

GUZEWICZ'S sentencing hearing was held on July 2, 2019. (DE:58) GUZEWICZ advised the District Court that he was on medication for anxiety and

depression. (DE:58:3-4) The District Court and counsel discussed the attachments regarding the successful completion by GUZEWICZ of his requirements of his pretrial release. (DE:58:4-7).

The District Court then summarized what has been filed: "the Government has filed a 5K.1 motion in which it suggests that I depart downward two levels. There's also an order of forfeiture in the amount of $120,000 and that's I believe all that has been filed that I'm aware of. There is – he's been on pretrial release, so I'm assuming somebody should have filed something but they didn't regarding pretrial release, but I'm also assuming that he did fine and I would have heard. And in addition, the Defendant pled to an information as opposed to an indictment and the information contained four counts. . .. The probation officer has done an advisory guideline calculation and has suggested that the Total Offense Level is a 20. . . Mr. Guzewicz does not have a criminal record, so before any departures or variances, should there be a departure or variance, the guidelines scored him out to 33 to 41 months. There appears to be no unresolved objections to those guideline by either side or the facts in the presentence report." (DE:7-8)

The AUSA testified that they filed a 5K.1 motion seeking a two-level reduction, which would make his total offense level be 18 and his guideline sentence to be 27 to 33 months. The AUSA confirmed that GUZEWICZ testified at the trial;

and that the government was only recommending a two-level reduction, even though he testified. (DE:58:17-19).

The District Court then stated that "[n]ormally the 5K.1s I see from the Government are somebody cooperates, two levels, somebody testifies, two more levels. He only gets two levels. How come? And it makes really only six months' difference in his guideline." (DE:58:18). The AUSA then advised the District Court that GUZEWICZ testified honestly and openly and that his testimony against Mr. Fisher was important. (DE:58:19).

GUZEWICZ then called Martin Enterlin, who is a retired special agent with the Internal Revenue Service Criminal Investigation Division and was the Assistant Chief of Philadelphia District and that he worked both in the civil and criminal departments. (DE:58:21-22).

Mr. Enterlin testified that he "sat through four debriefings with Mr. Guzewicz with the Government. In addition to that, I assisted Mr. Guzewicz in preparing amended tax returns for unreported income, first through the – from the money laundering he did with Mr. Fisher and then through unreported income from the sale of a car to Mr. Fisher and tires and rims from Mr. Fisher and tires and rims to all other customers. This was a cash business and it was easy for him to have diverted some income to unreported income that wasn't reported and for the three years, 2015, '16 and '17 we prepared amended tax returns and Mr. Guzewicz filed those

returns, paid taxes on all those returns and the IRS has negotiated all of those checks that he paid. And as of today he is clean with all of those tax years." (DE:58:23)

Mr. Enterlin testified that GUZEWICZ spent approximately 17 hours of "debriefings and proffers with the U.S. Attorney's office and investigators that were present". (DE:23-24). Mr. Enterlin confirmed that the last briefing was in June, 2019 and that it was "the Saturday in between the two-week trial and he was going to testify I believe the following Monday or Tuesday and his trial preparation." (DE:58:24).

GUZEWICZ'S attorney advised the District Court that " Mr. Guzewicz does not express himself clearly right off the bat. It takes him time a little while to get his thoughts in order. In think that's directly in line with the mental health illness that he suffers from, his anxiety. His mind races." (DE:58:27).

GUZEWICZ'S counsel argued that "the 5K1.1 language calls for an evaluation of four prongs. The first prong is the Court's evaluation of the significance and usefulness of the Defendant's assistance taking into consideration the Government's evaluation of the assistance rendered. Here, we have nothing but positive things from the Government. . . . The second one is the truthfulness, completeness and reliability of any information or testimony provided by the Defendant. Again, Ms. Guzman to her credit I expect no less said he was truthful, he was complete, he was open, he did his job. And, again, he was the only

Government witness as to the money laundering aspect of this case. . . He was the person that tied Mr. Fisher's money laundering of his drug proceeds through his business. Without Mr. Guzewicz that would have been extremely difficult . . . And finally, Judge, . . . and that's any injury suffered or any damager or risk of injury to the Defendant or his family resulting from his assistance. And I showed the Court two photographs, and I want to put them in context because I'm the one that notified law enforcement each time. The first photograph is a baseball bat that was taken to a car in his business and that was right around the time it became known he was cooperating with the Government because he had signed an information in the plea agreement, and all of a sudden his property starts getting damaged. Then on the day that he testifies, the morning of there's a dead rabbit found at his property, his actual, not business property, but personal property." (DE:58:28-30).

Counsel further argued that "two levels, with all due respect to the Government, and I still have not heard an answer to why it's only two levels because we haven't heard anything negative. It's only positive. And I provided you with additional information, the length of hours that he cooperated and the threats he received. I believe that two levels is woefully inaccurate or insufficient, rather, and I'm asking the Court to grant the Government's motion, but grant it a higher rate. At the very least it should be four levels, but, Judge, I think in this case it falls to that six level range . . ." (DE:58:30-31).

GUZEWICZ'S counsel then argued for a variance in addition to the above 5K1.1 departure. Counsel argued that "Mr. Guzewicz is an extremely hard worker, and if you see him right now, he's wearing the only suit he owns. . . He has dirt underneath his fingernails, and that's not because he doesn't take care of himself. That's because he is a worker . . . He made a mistake in this case. . . He was using cocaine and he wasn't seeking help for mental health – for his mental health issues. He was to self-medicate, but once this all came crashing down on him, he turned his life around and he's tested negative. . . Mr. Guzewicz has been perfect on pretrial release. There's been no issue. He hasn't tested positive. He's been clean as a whistle and he's made all of his mandated counseling sessions. He's doing that because he wants to. He wants to get better. . . Mr. Guzewicz is the worker in the family. His wife. . . runs the business. She cannot do her job without Mr. Guzewicz and Mr. Guzewicz can't do his job without her. . . They have two wonderful children, a 14 year old who is a police explorer and wants to go into law enforcement and has straight A's in school, and a young girl who's present before the Court who loves her mother and father very much and is still obviously at age six growing into her life and what she will be." (DE:58:32-33).

Counsel then argued that "I don't think it's necessary to send Mr. Guzewicz to prison when Mr. McKinney who was a prolific drug dealer along with Mr. Fisher received a sentence of 24 months, and he is the gentleman that received the four

level reduction under the 5K.1 versus the two that Mr. Huffman and Mr. Guzewicz received. . . but I don't see how this Court can sentence Mr. Guzewicz to a sentence comparable or greater than Mr. McKinney. Mr. McKinney is much more of a danger to the community that Mr. Guzewicz. That being said, Judge, I would urge the Court respectfully and humbly based on the totality of this case, both the cooperation, his mental health, his somewhat physical health and the family dynamic . . .so I respectfully urge the Court to fashion a sentence of house arrest. It would take not only the 5K.1 and/or a variance, but I believe the Court can legally get to a Zone B type sentence where perhaps he's on house arrest for a year and an extended term of probation with the special terms and conditions, that he continue on with his mental health counseling, his prescription medication and drug testing . . . I don't believe he's a danger to the community. I do believe that since he has cleaned up his life in terms of stopping, taking and using cocaine, he's a different person." (DE:58:34-35).

The District Court advised counsel that it was not considering house arrest and as such, counsel continued to argue that because of the "disparity issue under [18 U.S.C.] 3553(a) that Mr. McKinney and Mr. Guzewicz receive the same sentence. I believe that Mr. McKinney is much more a danger to community than Mr. Guzewicz, and I would hope, Judge, that if the Court is going to impose a prison sentence, the Court would consider a year and a day. I think that is significant but

not greater than necessary. I think it would send a message to any other person in the line of Mr. Guzewicz's work that you cannot launder money for drug deals, but at the same time, it would give an opportunity hopefully that Mr. Guzewicz could keep his business afloat. . ." (DE:36). GUZEWICZ then took the stand and read his allocution statement. (DE:39-41)

The government then advised the District Court that Mr. McKinney was the key player involved with another defendant besides Mr. Fisher and that Mr. McKinney wore a wire that led to the warrants and arrest of Mr. Fisher and other defendants in connection with the distribution of fentanyl in both Tampa and Boston and that Mr. McKinney received a considerable variance from Judge Kovachevich. (DE: 40-44) The government further testified that they had asked for a 4 level 5K.1 and that Judge Kovachevich departed 10 or 12 levels. (DE:58:44).

The government conceded that GUZEWICZ took responsibility and he earned said reduction for his acceptance and that the government leaves "it up to the Court to determine in the totality of the circumstance what the appropriate punishment for Mr. Guzewicz is". (DE:58:48-49). The government also advised the District Court that it should view the facts with regard to GUZEWICZ positively and that the fact that he completed his mental health requirements of his pre-trial release and has been drug fee that "it is a positive situation for himself and his family, so I think those are all positive steps that he's taken in the hopes of rehabilitating his life, and certainly

the Government would like to see him rehabilitate his life and provide for his family." (DE:49-50).

The government also advised the District Court that GUZEWICZ pleading to an information instead of requiring the government to seek an indictment "was a positive effort on his behalf and it showed his genuine cooperation and desire to cooperate by way of any indictment. So, I don't think I could take any other position other than it would be positive." (DE:58:50-51).

The District Court sentenced GUZEWICZ to fifteen (15) months incarceration followed by three (3) of supervised release, waived the fine and ordered $400.00 as a special assessment to be paid immediately. The District Court also granted self-surrender. The District Court gave GUZEWICZ a four level 5K.1 reduction and a downward variance of 2 levels because GUZEWICZ did a lot to help himself. (DE:58:53-58; 45). GUZEWICZ'S request to be housed at Coleman was granted. (DE:58:57).

**5. <u>Standard of Review</u>.**

A defendant's waiver of the right to appeal the sentence imposed is a question of law that this Court reviews *de novo*. *United States v. Copeland*, 381 F.3d 1101 (11th Cir. 2004).[2] A waiver of a defendant's right to appeal is upheld if it is knowing

---

[2] Relative to any purported appeal waiver review, "whether a defendant has knowingly and voluntarily waived his right to appeal his sentence is a question of law over which this Court exercises plenary review". *United States v. Benitez-*

and intelligent. However, even if the waiver was knowing and intelligent, the waiver cannot be enforced if it would result in a miscarriage of justice. *United States v. Hahn*, 359 F.3d 1315 (10th Cir. 2004). Because of GUZEWICZ growing up in Poland, with an alcoholic father and his own drug and alcohol use, GUZEWICZ did not knowingly and intelligently enter into a waiver of such an important right. (PSI:46, 58-60).

In connection with sentencing guideline issues, this Court reviews legal questions *de novo* and factual findings for clear error. *United States v. Rodriguez-Lopez*, 363 F.3d 1134 (11th Cir. 2004); *United States v. Ellis*, 419 F.3d 1189 (11th Cir. 2005).

While the reasonableness of a sentence is reviewed under the abuse of discretion standard, *Gall v. United States*, 552 U.S. 38, 128 S.Ct. 586 (2007), the Court "must first ensure that the district court committed no significant procedural error". *Gall v. United States*, 128 S.Ct. at 597. In conducting that inquiry, the district court's interpretation/application of sentencing statutes, rules and guidelines is reviewed *de novo*. *See, United States v. Crawford,* 407 F.3d 1174 (11th Cir. 2005); *United States v. Barakat*, 130 F.3d 1448 (11th Cir. 1997). Factual findings related to

---

*Zapata*, 131 F.3d 1444, 1446 (11th Cir. 1997); *United States v. Weaver*, 275 F.3d 1320 (11th Cir. 2001).

the imposition of sentencing enhancements are reviewed for clear error. *United States v. Barakat*, 130 F.3d at 597.

If "the district court's sentencing decision is procedurally sound the Appellate court should then consider the substantive reasonableness of the sentence under the abuse-of-discretion standard". *Gall v. United States*, 128 S.Ct. at 597.

A sentence is procedurally reasonable when the sentence is properly calculated under the advisory sentencing guidelines and considers the sentencing factors of 18 U.S.C. §3553(a). *United States v. Pugh*, 515 F.3d. 1179, 1190 (11th Cir. 2008). "We review a district court's interpretation and application of the sentencing guidelines *de novo*." *United States v. Garey*, 546 F.3d 1359, 1361 (11th Cir. 2008); *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 765 (2005) (challenge to reasonableness in light of 18 U.S.C. §3553(a) factors); *United States v. Scott*, 426 F.3d 1324 (11th Cir. 2005) (court reviews for reasonableness the district court's decision not to impose sentence below the advisory guideline range). A sentence will be found to be "substantively reasonable" if when considering the totality of the circumstances, the purposes of 18 U.S.C. §3553(a) are met by the District Court. *United States v. Pugh*, 515 F.3d at 1191.

## **Summary of the Argument**

Due to GUZEWICZ'S father being an alcoholic and the fact that he grew up in Poland under deplorable conditions and his own addiction to drugs and alcohol,

his agreement to waive his right to an appeal may not have been knowing and intelligent. Although GUZEWICZ answered the District Court's questions in the affirmative, that does not mean that GUZEWICZ fully understood what it meant to waive his right to appeal his sentence, even if same was clearly explained to him by Counsel and the District Court. As such, the intelligent waiver of GUZEWICZ'S right to appeal is questionable and same should be vacated to allow GUZEWICZ to appeal his sentence.

Case law and the facts of this case support the granting of a substantial downward variance under 18 U.S.C. §3553. The facts of this case, more particularly the fact that GUZEWICZ has no prior criminal history and immediately took acceptance of responsibility, the extensive nature of his cooperation, the substantial changes that GUZEWICZ has made to alter his criminal behavior and the threats made against him and his family, supports the granting of a substantial downward variance and departure. Although the District Court gave GUZEWICZ a downward variance and departure in his sentence, same was not sufficient considering the facts of this case. GUZEWICZ'S counsel sought house arrest instead of incarceration. Without hesitation the District Court did not even consider said sentence as a viable sentence. Nor did the District Court consider counsel's argument of incarceration for a year and one day. Because of the facts of the case and the testimony of the

government, the District Court abused its discretion and sentencing GUZEWICZ to fifteen months incarceration. (DE:58).

The District Court's sentence was unreasonable in light of the sentencing factors listed in 18 U.S.C. §3553(a)-(f) and the totality of the circumstances; more particularly, the fact that GUZEWICZ has no prior criminal history and immediately took acceptance of responsibility, the extensive nature of his cooperation, the substantial changes that GUZEWICZ has made to alter his criminal behavior and the threats made against him and his family and the testimony of the government. Moreover, the sentence was not minimally sufficient or "appropriate" as the District Court alluded to, but greater than necessary to comply with the purposes of sentencing under 18 U.S.C. §3553(a). The District Court should have sentenced GUZEWICZ to house arrest, but in any event, if incarceration was required, GUZEWICZ should have been sentenced to a year and a day as requested by counsel. (DE:58:34-36). In reviewing the totality of the circumstance, GUZEWICZ'S sentence was far too severe. As such, the District Court's sentence was not reasonable and must be reversed.

Based upon the above, GUZEWICZ'S sentence was unreasonable and considering the totality of the circumstances, it clearly was greater than necessary.

# Argument

## I.

### The Irregularities Rendered GUZEWICZ'S Guilty Plea Involuntary and the Sentence-Appeal Waiver Unenforceable.

Case law is clear that requiring a defendant to waive his right to appeal does not violate due process. *United States v. Weaver*, 275 F.3d 1320 (11th Cir. 2001). However, a sentence-appeal waiver must be knowing and voluntary and will not be enforced if the government cannot show that (1) the District Court specifically questioned the defendant about the waiver; or (2) the record makes clear that the defendant otherwise understood the full significance of the waiver. *United States v. Weaver*, 275 F.3d 1320 (11th Cir. 2001); *see also, Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709 (1969). The waiver should only be upheld if the waiver was in fact knowing and voluntary. *United States v. Howle*, 166 F.3d 1166 (11th Cir. 1999). Also, if upholding the waiver would result in a miscarriage of justice, the waiver must not be upheld. *United States v. Ter-Esayan*, 570 F.3d 46 (1st Cir. 2009).

Although GUZEWICZ may have answered that he understood the plea agreement and waiver and that his counsel answered all of his questions, the facts relating to his childhood, being around an alcoholic father and becoming addicted to drugs and alcohol at a young age, clearly makes one question if in fact GUZEWICZ had the ability to understand the waiver, even though it was explained

to him by counsel and the Court. Because of his history, it is questionable if in fact the waiver was knowing and intelligent. (DE:4;58:32-33) (Change of Plea Transcript – Appendix Tab 4).

At GUZEWICZ'S Change of Plea Hearing, the Magistrate discussed the appeal waiver contained in GUZEWICZ'S plea agreement. (Change of Plea Transcript – Appendix Tab 4:20-21). The Magistrate asked if GUZEWICZ understood the waiver and GUZEWICZ answered "yes". (Change of Plea Transcript – Appendix Tab 4:20-21). Nothing further was asked of GUZEWICZ regarding his understanding and knowledge of what he was waiving.

The Magistrate then discussed the constitutional rights that GUZEWICZ was giving up by pleading guilty and again GUZEWICZ answered "yes" when asked if he understood the rights he was giving up. (Change of Plea Transcript – Appendix Tab 4:21-22). Again, nothing further was asked.

The Magistrate concluded his colloquy and found that "the defendant is fully competent and capable of entering an informed guilty plea, that he is aware of the nature of the charges to which he is pleading guilty and the consequences of his guilty plea and that his plea of guilty is a knowing and voluntary one that is supported by an independent basis in fact that satisfies each of the essential elements of Counts One through Four of the information. . . . I will, therefore, recommend that the defendant's plea of guilty to Counts One through Four be accepted, that he be

adjudged guilty and that his sentence be imposed accordingly." (Change of Plea Transcript – Appendix Tab 4:29). Again, said colloquy was lacking in actually determining if in fact GUZEWICZ knew that he was waiving his right to appeal his sentence.

At GUZEWICZ'S sentencing hearing, his attorney advised the District Court that " Mr. Guzewicz does not express himself clearly right off the bat. It takes him time a little while to get his thoughts in order. I think that's directly in line with the mental health illness that he suffers from, his anxiety. His mind races." (DE:58:27). Also, it is clear that English is GUZEWICZ'S second language and therefore things do not translate as they should. As such, it is clear that GUZEWICZ did not understand the waiver language and therefore did not knowingly and intelligently waive his right to appeal.

When a defendant agrees to plead guilty, the loss of his right to a jury trial or to cross-examine witnesses and his accusers is unavoidable, to-wit: there is no trial. However, waiving the right to challenge constitutional issues or other errors that may occur in the future should be a concern of this Court. The language used in the government's plea agreements concerning the waiver of a defendant's right to appeal is routinely inserted and leaves a defendant without the right to file for post-conviction relief no matter what meritorious issues a defendant may have. Again, the upholding of GUZEWICZ'S appeal waiver, especially where he lacked the

understanding of what he was waiving, is a "miscarriage of justice" and a violation of GUZEWICZ'S due process rights. *United States v. Nguyen*, 618 F.3d 72 (1st Cir. 2010).

Waivers are a common but largely hidden element of plea bargains, which are really not bargains because the government has much greater power than the defendant and his attorney. As such, the process of entering into pleas is more a coercion than a negotiation. Because appeal waivers are almost always upheld, an important element of justice is missing. Congress gave the appeals courts the power to review federal sentences to ensure the government applies the law reasonably and consistently. However, when the right to an appeal is waived, then the check and balance needed to assure due process and the upholding of a defendant's constitutional rights is removed. The upholding of plea waivers in effect has created a system of railroading instead of a system of plea negotiations.

Though a defendant enters into a plea agreement which provides that he will waive the right to appeal the sentence, this waiver must be explicit and, at the plea colloquy, the District Court must expressly and clearly discuss this with the defendant to ensure that this provision in the plea agreement is fully understood by the defendant. *United States v. Bushert*, 997 F.2d 1343 (11th Cir. 1993). Merely stating on the record that the defendant was "waiving his right to appeal regarding the charges" is not sufficient. (*Id.*) *See, United States v. Buchanan*, 131 F.3d 1005

(11th Cir. 1997). Again, GUZEWICZ'S past causes doubt as to whether or not GUZEWICZ had the cognitive ability to understand the gravamen of his actions, especially considering his addictions and childhood. See*, United States v. Bushert*, 997 F.2d 1343, 1350 (11th Cir. 1993) (appeal waiver is valid if knowingly and voluntarily entered); *Johnson v. Zerbst*, 304 U.S. 458, 58 S.Ct. 1019 (1938).

Similarly, as this Court has recognized, a plea agreement is a contract between the government and a criminal defendant and among the considerations that a defendant may offer as part of such a contract is a waiver of his right to appeal, provided that the waiver is made knowingly and voluntarily. *United States v. Howle*, 166 F.3d 1166, 1168 (11th Cir. 1999). Again, this Court cannot find that GUZEWICZ knowingly and voluntarily waived his right to appeal, merely because he affirmatively responded to the District Court's inquiry during the plea colloquy regarding his waiver of his right to appeal. Saying "yes" does not mean that he understood what he was responding to; therefore, the upholding of GUZEWICZ'S waiver, would be the relinquishment of an "unknown" right. *See, United States v. Bushert*, 997 F.2d 1343, 1350 (11th Cir. 1993). As such, the waiver was not knowing and intelligent and this Court must find that GUZEWICZ'S waiver was not knowing or voluntary and that the upholding of same would be a miscarriage of justice. *United States v. Ter-Esayan*, 570 F.3d 46 (1st Cir. 2009); *United States v. Hahn*, 359 F.3d 1315 (10th Cir. 2004).

Although there is a necessity in having finality in a case and having plea agreements and waivers upheld, if there is doubt as to a defendant's voluntary waiver of his right to appeal a valid claim, then justice is not served by upholding the waiver. Case law is clear that this Court has discretion not to enforce the waiver if it would result in a "miscarriage of justice". *Warren v. United States*, 2011 WL 5593183 (M.D. Ala., Oct. 26, 2011); *see also, Gourdine v. United States*, 2012 WL 32446 (S.D. Ga., Jan. 5, 2012). Accordingly, this Court must find that GUZEWICZ'S appeal waiver was not voluntary and set it aside and allow this appeal to proceed.

**II.**

**GUZEWICZ'S Sentence was Unreasonable in Light of the Statutory Sentencing Factors Listed in 18 U.S.C. §3553(a)-(f) and Principles Applied by the Advisory Federal Sentencing Guidelines.**

The Sentencing Reform Act requires the Court to consider the "history and characteristics" of the defendant. GUZEWICZ'S acceptance of responsibility sheds a positive light on his "history and characteristics". It also reflects positively on his character. *See, United States v. Fernandez*, 443 F.3d 19 (2nd Cir. 2006). So does the fact that GUZEWICZ provided substantial assistance and cooperated completely with the government. In fact, because he cooperated, he received threats to his safety.

In *Booker*, the Court directed the District Courts to continue to consult the Federal Sentencing Guidelines and consider them along with other pertinent sentencing factors enumerated in 18 U.S.C. §3553(a) when fashioning an appropriate sentence. Pursuant to the advisory guidelines framework established by *Booker*, a District Court must consider the relevant factors in 18 U.S.C. §3553(a), including the accurately calculated advisory guidelines range, when it imposes a sentence. GUZEWICZ argues that the District Court failed to properly make an "individualized assessment" of the 18 U.S.C. §3553(a) factors based on the facts presented as they relate to GUZEWICZ and the facts of this case, more particularly, his substantial assistance in connection with the conviction against another defendant, what he accomplished while on pretrial release regarding him receiving mental illness treatment and the fact that he completed his substance abuse therapy and has been drug free and is drug free.

At the sentencing hearing, the AUSA testified that they filed a 5K.1 motion seeking a two-level reduction, which would make his total offense level be 18 and his guideline sentence to be 27 to 33 months. The AUSA confirmed that GUZEWICZ testified at the trial; and that the government was only recommending a two level reduction, even though he testified. (DE:58:17-19).

GUZEWICZ'S witness Martin Enterlin, testified that he "sat through four debriefings with Mr. Guzewicz with the Government. In addition to that, I assisted

Mr. Guzewicz in preparing amended tax returns for unreported income, first through the – from the money laundering he did with Mr. Fisher and then through unreported income from the sale of a car to Mr. Fisher and tires and rims from Mr. Fisher and tires and rims to all other customers. This was a cash business and it was easy for him to have diverted some income to unreported income that wasn't reported and for the three years, 2015, '16 and '17 we prepared amended tax returns and Mr. Guzewicz filed those returns, paid taxes on all those returns and the IRS has negotiated all of those checks that he paid. And as of today he is clean with all of those tax years." (DE:58:23) Mr. Enterlin testified that GUZEWICZ spent approximately 17 hours of "debriefings and proffers with the U.S. Attorney's office and investigators that were present". (DE:58:23-24). Mr. Enterlin confirmed that the last briefing was in June, 2019 and that it was "the Saturday in between the two-week trial and he was going to testify I believe the following Monday or Tuesday and his trial preparation." (DE:58:24). Clearly, GUZEWICZ did provide substantial assistance, which the government conceded to. (DE:58:48-50). Based on the above, GUZEWICZ'S sentence was unreasonable and did not result in GUZEWICZ receiving a reasonable, appropriate and individualized sentence. *United States v. Bonilla*, 579 F.3d 1233 (11th Cir. 2009). GUZEWICZ'S sentence did not promote the administration of justice nor law nor did it provide just punishment. Therefore, the District Court violated the overriding principle and basic mandate of 18 U.S.C.

§3553(a) requiring the District Court to impose a sentence "sufficient, but not greater than necessary" to comply with the purpose of sentencing under the statute.

The District Court "shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth" in 18 U.S.C. §3553(a)(2)(A)-(D). *See, e.g., United States v. McBride*, 511 F.3d 1293, 1296-97 (11th Cir. 2007). The Court "***may not presume that the [advisory] guidelines range is reasonable***". *Gall v. United States,* 552 U.S. 38, 128 S.Ct. 586, 596-97 (2007) (emphasis added); *see also, United States v. Campbell*, 491 F.3d 1306, 1313-1314 (11th Cir. 2007) ("We do not in this Circuit presume reasonable a sentence within the properly calculated guidelines range"). Nor can the District Court presume that a sentence outside the guidelines is unreasonable. *United States v. Turner*, 626 F.3d 566 (11th Cir 2010); *United States v. Shaw*, 560 F.3d 1230 (11th Cir. 2009), ("[s]entences outside the guidelines are not presumed to be unreasonable"). Accordingly, after making an "individualized assessment" of the 18 U.S.C. §3553(a) factors based on the facts presented, the District Court has the power to grant a variance from the advisory guidelines range to whatever extent the District Court deems warranted by the facts of each defendant. *Gall*, 128 S.Ct. at 595-97; *United States v. Livesay*, 525 F.3d 1081, 1090 (11th Cir. 2008); *McBride*, 511 F.3d at 1297-98. The District Court should have sentenced GUZEWICZ to the sentence requested by counsel.

At the sentencing hearing, GUZEWICZ'S counsel argued that "the 5K1.1 language calls for an evaluation of four prongs. The first prong is the Court's evaluation of the significance and usefulness of the Defendant's assistance taking into consideration the Government's evaluation of the assistance rendered. Here, we have nothing but positive things from the Government. . . . The second one is the truthfulness, completeness and reliability of any information or testimony provided by the Defendant. Again, Ms. Guzman to her credit I expect no less said he was truthful, he was complete, he was open, he did his job. And, again, he was the only Government witness as to the money laundering aspect of this case. . . He was the person that tied Mr. Fisher's money laundering of his drug proceeds through his business. Without Mr. Guzewicz that would have been extremely difficult . . . And finally, Judge, . . . and that's any injury suffered or any damager or risk of injury to the Defendant or his family resulting from his assistance. And I showed the Court two photographs, and I want to put them in context because I'm the one that notified law enforcement each time. The first photograph is a baseball bat that was taken to a car in his business and that was right around the time it became known he was cooperating with the Government because he had signed an information in the plea agreement, and all of a sudden his property starts getting damaged. Then on the day that he testifies, the morning of there's a dead rabbit found at his property, his actual, not business property, but personal property." (DE:58:28-30).

Counsel further argued that "two levels, with all due respect to the Government, and I still have not heard an answer to why it's only two levels because we haven't heard anything negative. It's only positive. And I provided you with additional information, the length of hours that he cooperated and the threats he received. I believe that two levels is woefully inaccurate or insufficient, rather, and I'm asking the Court to grant the Government's motion, but grant it a higher rate. At the very least it should be four levels, but, Judge, I think in this case it falls to that six level range . . ." (DE:58:30-31).

Counsel concluded that "I don't think it's necessary to send Mr. Guzewicz to prison when Mr. McKinney who was a prolific drug dealer along with Mr. Fisher received a sentence of 24 months, and he is the gentleman that received the four level reduction under the 5K.1 versus the two that Mr. Huffman and Mr. Guzewicz received. . . but I don't see how this Court can sentence Mr. Guzewicz to a sentence comparable or greater than Mr. McKinney. Mr. McKinney is much more of a danger to the community that Mr. Guzewicz. That being said, Judge, I would urge the Court respectfully and humbly based on the totality of this case, both the cooperation, his mental health, his somewhat physical health and the family dynamic . . .so I respectfully urge the Court to fashion a sentence of house arrest. It would take not only the 5K.1 and/or a variance, but I believe the Court can legally get to a Zone B type sentence where perhaps he's on house arrest for a year and an extended term of

probation with the special terms and conditions, that he continue on with his mental health counseling, his prescription medication and drug testing . . . I don't believe he's a danger to the community. I do believe that since he has cleaned up his life in terms of stopping, taking and using cocaine, he's a different person." (DE:58:34-35).

Here, the District Court entered a sentence greater than necessary for punishment under 18 U.S.C. §3553(a). The District Court failed to consider the individual history and characteristics and sentenced GUZEWICZ to a sentence that is grossly disproportionate to the offense committed. *United States v. Davis*, 754 F.3d 1205 (11th Cir. 2014). The District Court failed to not give the proper weight to the fact that GUZEWICZ accepted responsibility, has no prior criminal history, provided substantial assistance, made substantial changes to alter his criminal behavior while on pretrial release and the fact that he and his family have received threats because of his cooperation with the government. All of the above should have been considered heavily by the District Court, but apparently were not.

The statutory factors set forth in 18 U.S.C. §3553(a) weigh strongly in favor of a sentence substantially below the sentence given by the District Court, yet the District Court failed to consider all of the above and grant an appropriate variance. Case law is clear that where circumstances warrant, a District Court can impose sentences that vary downward significantly from the advisory guidelines range and

the appellate Court will affirm such sentences as reasonable. *Kimbrough v. United States*, 552 U.S. 85, 128 S.Ct. 558 (2007); *see also, United States v. Phaknikone*, 605 F.3d 1099 (11th Cir. 2010).

Although the District Court gave GUZEWICZ a four level 5K.1 reduction, GUZEWICZ should have received a six level 5K.1 reduction and then a variance. GUZEWICZ'S counsel than argued for a variance in addition to the above 5K1.1 departure. Counsel argued that "Mr. Guzewicz is an extremely hard worker, and if you see him right now, he's wearing the only suit he owns. . . He has dirt underneath his fingernails, and that's not because he doesn't take care of himself. That's because he is a worker . . . He made a mistake in this case. . . He was using cocaine and he wasn't seeking help for mental health – for his mental health issues. He was to self-medicate, but once this all came crashing down on him, he turned his life around and he's tested negative. . . Mr. Guzewicz has been perfect on pretrial release. There's been no issue. He hasn't tested positive. He's been clean as a whistle and he's made all of his mandated counseling sessions. He's doing that because he wants to. He wants to get better. . . Mr. Guzewicz is the worker in the family. His wife. . . runs the business. She cannot do her job without Mr. Guzewicz and Mr. Guzewicz can't do his job without her. . . They have two wonderful children, a 14 year old who is a police explorer and who wants to go into law enforcement and has straight A's in school, and a young girl who's present before the Court who

loves her mother and father very much and is still obviously at age six growing into her life and what she will be." (DE:58:32-33). Again, the District Court did grant a variance, but considering the totality of the circumstances and the government's position, GUZEWICZ should have received a greater variance. The District Court has the ability; and the facts of this case supported a sentence of house arrest; but in no event should GUZEWICZ be incarcerated for more than one year and a day. (DE:58:34-35)

The District Court did not give the proper weight to the factors nor the recommendations of counsel. Instead, the District Court entered a sentence that is "grossly disproportionate to the offense committed." *United States v. Flanders*, 752 F.3d 1317 (11th Cir. 2014). Therefore, GUZEWICZ'S sentence must be vacated.

Furthermore, the weight given to any specific 18 U.S.C. §3553(a) factor is left to the sound discretion of the District Court. *United States v. Williams*, 526 F.3d 1312 (11th Cir. 2008). However, this Court must reverse the District Court's ruling if this Court believes that the District Court committed a clear error of judgment in weighing the factors enumerated in 18 U.S.C. §3553(a) and sentencing a defendant to a sentence that lies outside the range of being a reasonable sentence dictated by the facts of the case. *United States v. Irey*, 612 F.3d 1160 (11th Cir. 2010). GUZEWICZ argues that the sentence imposed by the District Court was error and said error was not harmless.

The District Court was to consider "the nature and circumstances of the offense and the history and characteristics of the defendant" and "the need for the sentence imposed – (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed education or vocational training, medical care, or other correctional treatment in the most effective manner". 18 U.S.C. §3553(a). Accordingly, it is GUZEWICZ'S contention that the District Court failed to consider all of the 18 U.S.C. §3553(a) factors to determine whether they supported the sentence imposed by the District Court. *United States v. Livesay*, 525 F.3d 1081 (11th Cir. 2008). Therefore, the District Court failed to properly consider the factors of 18 U.S.C. §3553(a).

A District Court abuses its discretion in different ways. A District Court abuses its discretion if it (1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor or (3) commits a clear error of judgment when considering said factors. *United States v. Irey*, 612 F.3d 1160 (11th Cir. 2010). The District Court can also abuse its discretion if it considers the factors, but balances them unreasonably causing a sentence to be entered that is in violation of the purpose of 18 U.S.C. §3553(a). GUZEWICZ argues that not only did the District Court fail to afford the

proper consideration to the factors, but also failed to balance said factors so as to assure that a just and reasonable sentence was entered. *United States v. Pugh*, 515 F.3d 1179 (11th Cir. 2008).

In reviewing GUZEWICZ'S sentence for substantive reasonableness, this Court must consider whether the factors of 18 U.S.C. §3553(a) support his sentence. *Gall v. United States*, 552 U.S. 38, 128 S.Ct. 586 (2007); *see also, United States v. Johnson*, 485 F.3d 1264 (11th Cir. 2007). GUZEWICZ argues that the District Court abused its discretion when it failed to give proper weight and consideration to the factors enumerated in 18 U.S.C. §3553(a) and instead entered the sentence basing it on "impermissible factors". *United States v. Sarras*, 575 F.3d 1191, 1219 (11th Cir. 2009).

Although the District Court may have discretion in deciding the weight of said factors, said discretion is not unbridled and the District Court must assure that a just and reasonable sentence is given. *See, United States v. Williams*, 456 F.3d 1353 (11th Cir. 2006). It is clear that the sentence imposed by the District Court in this case, was both procedurally and substantially unreasonable.

Because of the sentence imposed, GUZEWICZ was denied his right to due process of law and a reasonable sentence pursuant to the dictates of *Booker*, *Gall* and *Kimbrough v. United States*, 552 U.S. 85, 128 S.Ct. 558 (2007). GUZEWICZ'S sentence did not promote the administration of justice nor law. It did not provide

just punishment considering the fact that GUZEWICZ pled guilty and accepted responsibility. Considering the above facts and the sentence that GUZEWICZ received, this Court must find his sentence is unreasonable. *Koon v. United States*, 518 U.S. 81, 116 S.Ct. 2035 (1996); *United States v. Livesay*, 525 F.3d 1081 (11th Cir. 2008). Based on the District Court's error, the sentence must be reversed. *See also, United States v. Bonilla*, 579 F.3d 1233 (11th Cir. 2009).

In deciding this matter, this Court must remember above all, mercy and compassion are a part of justice. "A country which is secure in its institutions, confident in its laws should not be ashamed of the concept of mercy." Justice Kennedy, ABA Speech 2003. Punishment should not be more severe than that necessary to satisfy the goals of punishment. *United States v. Carvajal*, 2005 WL 476125 (S.D. N.Y. 2005). A judge must sentence "without ever being indifferent to defendant's plea for compassion, for compassion also is a component of justice". *United States v. Kloda*, 133 F.Supp.2d 345 (S.D. N.Y. 2001). Because mercy and compassion are a part of our system, GUZEWICZ being sentenced to eighteen (18) months confinement and then three years of supervised release, again considering he has no criminal history and he immediately accepted responsibility and even the charges against him, is clearly greater than necessary.

In considering all of GUZEWICZ'S arguments, it is clear that GUZEWICZ has met his burden of demonstrating that the sentence imposed by the District Court

was substantially unreasonable and that the sentence must be vacated. *United States v. Thomas*, 446 F.3d 1348 (11th Cir. 2006); *see also, United States v. Saac*, 632 F.3d 1203 (11th Cir. 2011). *See also, United States v. Bonilla*, 579 F.3d 1233 (11th Cir. 2009).

## <u>Conclusion</u>

This Court should explicitly adopt GUZEWICZ'S position based upon law and equity. The upholding of GUZEWICZ'S sentence would seriously affect the fairness, integrity and public reputation of the judicial proceedings. *See generally, United States v. Rodriguez*, 398 F.3d 1291 (11th Cir. 2005); *United States v. Olano*, 507 U.S. 725, 113 S.Ct. 1770 (1993).

Furthermore, GUZEWICZ'S sentence must be vacated because the District Court in fact committed a clear error of judgment in weighing the 18 U.S.C. §3553(a) factors by sentencing GUZEWICZ to fifteen (15) months incarceration followed by three (3) years of supervised release (DE:45; 58:54-58). Said sentence lies outside the range of what the facts of this case dictate as being a reasonable sentence and is vastly disproportionate to the crime. *United States v. Shaw*, 560 F.3d 1230 (11th Cir. 2009). Because the District Court abused its discretion in weighing the sentencing factors and made other sentencing errors, GUZEWICZ sentence must be vacated.

Respectfully submitted,

JOFFE LAW, P.A.
Attorney for Appellant
The 110 Tower Building
110 S.E. 6th Street
17th Floor, Suite 1700
Ft. Lauderdale, Florida 33301
Telephone: (954) 723-0007
Facsimile: (954) 723-0033
davidjjoffe@aol.com

By /S/ David J. Joffe
DAVID J. JOFFE, ESQUIRE
Florida Bar No. 0814164

**CERTIFICATE OF SERVICE**

I, David J. Joffe, attorney for Appellant, KONRAD GUZEWICZ, do hereby certify that a true and correct copy of GUZEWICZ'S Initial Brief of Appellant was duly served on the United States and all attorney of record by filing same on the Court's CM/ECF system on August 6, 2019.

By: /S/ David J. Joffe
DAVID J. JOFFE, ESQUIRE