IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

---

NO. 19-12554

---

UNITED STATES OF AMERICA,

Appellee,

versus

KONRAD GUZEWICZ

Appellant.

---

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

---

# APPELLANT'S RESPONSE TO GOVERNMENT'S OPPOSITION TO GUZEWICZ'S MOTION FOR RECONSIDERATION OF ORDER DENYING MOTION FOR CONTINUED RELEASE ON BOND PENDING RESOLUTION OF APPEAL

JOFFE & JOFFE, P.A.
Attorney for Appellant
The 110 Tower Building
110 S.E. 6th Street
17th Floor, Suite 1700
Ft. Lauderdale, Florida 33301
Telephone: (954) 723-0007
Florida Bar No. 0814164
davidjjoffe@aol.com

**United States v. Guzewicz, Case No.: 19-12554**

**Certificate of Interested Persons**

Undersigned counsel for the Appellant hereby certifies that the following is a complete list of persons and entities who have an interest in the outcome of this case:

The Honorable Judge Susan C. Bucklew

The Honorable Magistrate Judge Christopher P. Tuite

David Jonathon Joffe, Esq.

Konrad Guzewicz

Mark J. O'Brien, Esq.

Todd B. Grandy, AUSA

Kelley C. Howard-Allen, AUSA

Maria Chapa Lopez, USA

Gregory Davis Pizzo, AUSA

David P. Rhodes, AUSA, Chief, Appellate Division

Yvette Rhodes, AUSA

No publicly traded company or corporation has an interest in the outcome of this appeal.

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

CASE NO. 19-12554

UNITED STATES OF AMERICA,

Appellee,

vs.

KONRAD GUZEWICZ,

Appellant.

_________________________________/

**RESPONSE TO GOVERNMENT'S OPPOSITION TO GUZEWICZ' MOTION FOR RECONSIDERATION OF ORDER DENYING MOTION FOR CONTINUED RELEASE ON BOND PENDING RESOLUTION OF APPEAL**

The Appellant, KONRAD GUZEWICZ (hereinafter "GUZEWICZ"), by and through undersigned counsel, David J. Joffe, hereby files his Response to Government's Opposition to GUZEWICZ' Motion for Reconsideration of Order Denying Motion for Continued Release on Bond Pending Resolution of Appeal.

COURSE OF PROCEEDINGS

1. On June 4, 2018, a four count Information was filed against GUZEWICZ charging him with money laundering in violation of 18 U.S.C. §1957 and 18 U.S.C. §2 (Counts 1 through 4); and a forfeiture count. (DE: 1)

2. GUZEWICZ pled guilty, with a written plea agreement, to Counts 1, 2, 3 and 4 on June 6, 2018. (DE: 4).

3. On June 28, 2018, GUZEWICZ' plea agreement was amended. (DE: 17).

4. On June 28, 2018, GUZEWICZ was released without a bond but with the following special conditions: (1) GUZEWICZ must appear before the Court in accordance with all notices; (2) GUZEWICZ must not leave the Middle District of Florida without first obtaining written permission; (3) GUZEWICZ must not change his present address without prior court approval; (4) GUZEWICZ shall not commit a federal, state or local crime during his release; (5) GUZEWICZ must cooperate in the collection of a DNA sample. (DE: 15)

5. On July 2, 2018, GUZEWICZ was sentenced to fifteen (15) months incarceration for Counts 1 through 4, all to run concurrently, followed by a term of three years supervised release. GUZEWICZ is to surrender himself to the Bureau of Prisons when he is notified by the United States Marshal. (DE: 45)

6. On July 3, 2019, a Notice of Appeal was filed on behalf of GUZEWICZ, appealing the sentence imposed by the District Court. (DE: 47).

7. GUZEWICZ filed his Motion for Continued Release on Bond Pending Appeal with the District Court. (DE:50). Said Motion was denied. (DE:56)

8. GUZEWICZ filed his Motion for Continued Release on Bond Pending Appeal with this Court. Said Motion was denied on July 30, 2019.

9. GUZEWICZ' Petition for Rehearing of the denial of his Motion for Continued Release on Bond Pending Appeal is currently pending.

ARGUMENT AND CITATIONS

The government in its opposition to GUZEWICZ'S Petition for Rehearing again argues that the relief sought by GUZEWICZ should be denied because of his appeal waiver. In response to that, GUZEWICZ argues that his waiver was not knowing and intelligent because of GUZEWICZ growing up in Poland, with an alcoholic father and his own drug and alcohol use. Therefore, because of his prior history, the waiver cannot be enforced because it would result in a miscarriage of justice. *United States v. Hahn*, 359 F.3d 1315 (10th Cir. 2004). GUZEWICZ did not knowingly and intelligently enter into a waiver of such an important right and therefore his appeal must proceed.

Furthermore, again GUZEWICZ'S appeal does "raise substantial question of law or fact, and that if a substantial question is determined favorably to defendant on appeal, the decision is likely to result in reversal … on which imprisonment has been imposed" ". *United States v. Giancola*, 754 F.2d 898, 900 (11th Cir. 1985) [*quoting, United States v. Miller*, 753 F.2d 19, 23-24 (3rd Cir. 1985)]. This evident when GUZEWICZ'S history, his substantial assistance to the government, the testimony of the government at his sentencing hearing where they advised the District Court that his assistance was in fact substantial and he was completely honest in his testimony is considered when determining if in fact his sentence is reasonable and sufficient but not greater than necessary.

Accordingly, considering the totality of the circumstances surrounding GUZEWICZ'S sentence; GUZEWICZ'S appeal will "raise substantial question of law or fact, and … if … determined favorably … [for] defendant on appeal, [the] decision is likely to result in reversal … on which imprisonment has been imposed". *United States v. Giancola*, 754 F.2d 898, 900 (11th Cir. 1985) [*quoting, United States v. Miller*, 753 F.2d 19, 23-24 (3rd Cir. 1985)].

WHEREFORE, undersigned counsel would respectfully request the Panel to reconsider its denial and grant GUZEWICZ'S Motion for Continued Release on Bond Pending Resolution of Appeal. Said granting of the Motion will not cause any prejudice to the government. Therefore, whether GUZEWICZ remains out on bond pending the resolution of his appeal, will not affect the safety and well-being of the public.

**<u>Certificate of Compliance</u>**

This Motion complies with the type-volume limitation of Fed.R.App.P. 32(a)(7)(B)(i) because this Motion contains 832 words, excluding the parts of the Motion exempted by Fed.R.App.P. 32(a)(7)(B)(iii).

This Motion complies with the typeface requirements of Fed.R.App.P. 32(a)(5) and the type style requirements of Fed.R.App.P. 32(a)(6) because this Motion has been prepared in a proportionally based typeface using Microsoft Word, 14-point Times New Roman.

Respectfully submitted,

JOFFE & JOFFE, P.A.
Attorney for Appellant
The 110 Tower Building
110 S.E. 6th Street
17th Floor, Suite 1700
Ft. Lauderdale, Florida 33301
Telephone: (954) 723-0007
Facsimile: (954) 723-0033

By /s/ David J. Joffe
DAVID J. JOFFE, ESQUIRE
FLORIDA BAR NO. 0814164

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 13, 2019, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

/s/ David J. Joffe
DAVID J. JOFFE, ESQ.