IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

---

NO. 19-12554

---

UNITED STATES OF AMERICA,

Appellee,

versus

KONRAD GUZEWICZ

Appellant.

---

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

---

**APPELLANT'S RESPONSE TO UNITED STATES' MOTION TO DISMISS APPEAL BASED ON WAIVER IN PLEA AGREEMENT**

JOFFE & JOFFE, P.A.
Attorney for Appellant
The 110 Tower Building
110 S.E. 6th Street
17th Floor, Suite 1700
Ft. Lauderdale, Florida 33301
Telephone: (954) 723-0007
Florida Bar No. 0814164
davidjjoffe@aol.com

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

CASE NO. 19-12554-JJ

KNORAD GUZEWICZ

Appellant,

vs.

UNITED STATES OF AMERICA,

Appellee.
________________________________/

**APPELLANT'S RESPONSE TO UNITED STATES' MOTION TO DISMISS APPEAL BASED ON WAIVER IN PLEA AGREEMENT**

Appellant, KONRAD GUZEWICZ (hereinafter "GUZEWICZ"), responds to the United States' Motion to Dismiss Appeal Based on Waiver in Plea Agreement as follows:

ARGUMENT

*THE GOVERNMENT'S MOTION TO DISMISS MUST BE DENIED*

A defendant's waiver of his right to appeal his sentence is a question of law that this Court reviews *de novo*. *United States v. Copeland*, 381 F.3d 1101 (11th Cir. 2004).[1] A waiver of a defendant's right to appeal is upheld if it is knowing

[1] Relative to any purported appeal waiver review, "whether a defendant has knowingly and voluntarily waived his right to appeal his sentence is a question of

and intelligent. (*Id.*) Whether a defendant has knowingly and voluntarily waived his right to appeal his sentence is a question of law over which this Court exercises plenary review. *United States v. Benitez-Zapata*, 131 F.3d 1444, 1446 (11th Cir. 1997).

The government, in its motion to dismiss, argues that because the district court specifically inquired about the appeal waiver provision at the change-of-plea hearing and confirmed that GUZEWICZ understood the appellate rights, had discussed them with his attorney, and understood what he was waiving, that the government's motion to dismiss should be granted based on the valid appeal waiver provision.

GUZEWICZ argues that waiver was not knowing and voluntary because of his childhood, being around an alcoholic father and becoming addicted to drugs and alcohol at a young age. Because of this, GUZEWICZ did not have the ability to understand the waiver, even though it was explained to him by Trial Counsel and the Court. (DE:4;58:32-33)

For this Court to accept the argument of the government and dismiss GUZEWICZ's appeal without considering the arguments made by GUZEWICZ would clearly support GUZEWICZ'S argument that the criminal system is not a

---

law over which this Court exercises plenary review". *United States v. Benitez-Zapata*, 131 F.3d 1444, 1446 (11th Cir. 1997); *United States v. Weaver*, 275 F.3d 1320, 1333 (11th Cir. 2001).

process of negotiation, but a system of coercion and the erosion of the defendant's constitutional protections. Again, it is quite clear that the primary motivation for the government to offer plea agreements is to save on judicial costs – not to assure that the punishment fits the crime. Dismissing GUZEWICZ'S appeal will in effect uphold the saving of judicial costs but will not uphold GUZEWICZ'S constitutional guarantees.

It is conceded that the common practice is for a plea agreement to be upheld, but this Court should not enforce GUZEWICZ'S waiver of his right to appeal because there were "extreme circumstances" surrounding his entering into the plea and therefore it cannot be upheld because it was not knowing and voluntary. *See, United State v. Johnson*, 541 F.3d 1064, 1068 (11th Cir. 2008).

Even if this Court finds that GUZEWICZ'S waiver was in fact knowing and voluntary, this Court must find that the waiver is a "miscarriage of justice and therefore should not be enforced. *Warren v. United States*, 2011 WL 5593183 (M.D. Ala., Oct. 26, 2011); *see also, Gourdine v. United States*, 2012 WL 32446 (S.D. Ga., Jan. 5, 2012)

In the case at hand, GUZEWICZ'S appeal should be allowed to proceed just as the Court allowed in *Gourdine* because GUZEWICZ did not know the full extent of his appeal waiver. When GUZEWICZ entered into his plea agreement, he agreed to plead guilty because of the representations made to him by the

government and his Trial Counsel regarding his assistance and cooperation and how that would be considered favorably by the Court. Therefore, as in *Gourdine*, this Court must find that GUZEWICZ did not know the full extent of his appeal waiver since the facts and circumstances. *Gourdine v. United States*, 2012 WL 32446 (S.D. Ga., Jan. 5, 2012).

Allowing GUZEWICZ appeal waiver to be upheld would be a "miscarriage of justice". Therefore, the appeal waiver cannot be upheld and the government's motion to dismiss must be denied. *United States v. Tsosie*, 639 F.3d 1213 (9th Cir. 2011); *see also, United States v. Howle*, 166 F.3d 1166 (11th Cir. 1999) (a waiver of an unknown issue cannot be found to be "knowing").

Case law is clear that waivers are construed narrowly and strictly against the government. *See, United States v. Isom*, 580 F.3d 43 (1st Cir. 2009). If there is any ambiguity, the waiver must be read in the defendant's favor. *United States v. Isom*, 580 F.3d at 50-52; *see, United States v. Grinard-Henry*, 399 F.3d 1294, 1296 (11th Cir. 2005) (explaining that an appeal waiver with broad language may include an appeal based on *Booker*). In the case at hand, because of the issues raised by GUZEWICZ in his initial brief and this response, the waiver of his right to appeal must be construed against the government and his appeal must be allowed to proceed.

GUZEWICZ acknowledges that there is a necessity in having finality in a case and having plea agreements and waivers upheld. However, if there is doubt as to a defendant's knowledge as to the full extent of the appeal waiver or if there will be a miscarriage of justice, then justice is not served by upholding the waiver.

## CONCLUSION

This Court should explicitly adopt GUZEWICZ position based upon law and equity and his waiver of his right to appeal should be vacated and the government's motion to dismiss denied. The denial of GUZEWICZ appeal will seriously affect the fairness, integrity and public reputation of the judicial proceedings. *See generally, United States v. Rodriguez*, 398 F.3d 1291 (11th Cir. 2005); *United States v. Olano*, 507 U.S. 725, 113 S.Ct. 1770 (1993). For all of these reasons and in the interest of justice, it is respectfully submitted that GUZEWICZ appeal should be allowed to proceed and that the judgment and sentence of the district court should be vacated and remanded.

## CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATION

This motion, which contains 986 countable words, complies with Fed.R.App.P. 27(d)(2)(A) and Fed.R.App.P. 32(a)(5) and Fed.R.App.P. 32(a)(6).

## CERTIFICATE OF INTERESTED PERSONS

Undersigned counsel for the Appellant hereby certifies that the following is a complete list of persons and entities who have an interest in the outcome of this case:

The Honorable Judge Susan C. Bucklew

The Honorable Magistrate Judge Christopher P. Tuite

David Jonathon Joffe, Esq.

Konrad Guzewicz

Mark J. O'Brien, Esq.

Todd B. Grandy, AUSA

Kelley C. Howard-Allen, AUSA

Maria Chapa Lopez, USA

Gregory Davis Pizzo, AUSA

David P. Rhodes, AUSA, Chief, Appellate Division

Yvette Rhodes, AUSA

No publicly traded company or corporation has an interest in the outcome of this appeal.

Respectfully submitted,

JOFFE LAW, P.A.
Attorney for Appellant
Attorney for Appellant
The 110 Tower Building
110 S.E. 6th Street
17th Floor, Suite 1700
Ft. Lauderdale, Florida 33301
Telephone: (954) 723-0007
Facsimile: (954) 723-0033

By /s/ David J. Joffe
DAVID J. JOFFE, ESQUIRE
Florida Bar No. 0814164

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 5, 2019, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

By /s/ David J. Joffe
DAVID J. JOFFE, ESQUIRE